**HURCHANIK, n.k.a. Doran, Appellee and Cross–Appellant,**

**v.**

**HURCHANIK, Appellant and Cross–Appellee.**

[Cite as *Hurchanik v. Hurchanik* (1996), 110 Ohio App.3d 628.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

Nos. CA95–09–091, CA95–10–097.

Decided April 29, 1996.

William F. Baader, for appellee and cross-appellant.

Richard L. Hurchanik, pro se.

---

WILLIAM W. YOUNG, Judge.

Plaintiff-appellee and cross-appellant, Grace Doran, formerly Grace Hurchanik ("Doran"), appeals from a judgment awarding defendant-appellant and cross-appellee, Richard L. Hurchanik ("Hurchanik"), a federal tax dependency exemption for one of the parties' minor children.

After eighteen years of marriage, the parties divorced on March 24, 1986. At that time, Doran received parental rights to the parties' four then-minor children. Since the divorce, the parties have continued to litigate issues including visitation, child support and contempt of court.[1] Prior to the events leading to the present action, the trial court designated each party the residential parent of one of their

---

1. See *Hurchanik v. Hurchanik* (Aug. 26, 1991), Warren App. No. CA90–09–066, unreported, 1991 WL 164593; *Hurchanik v. Hurchanik* (June 24, 1991), Warren App. No. CA90–08–053, unreported, 1991 WL 116360; *Hurchanik v. Hurchanik* (Apr. 29, 1991), Warren App. No. CA90–05–033, unreported, 1991 WL 69357; *Hurchanik v. Hurchanik* (Dec. 31, 1987), Warren App. No. CA87–05–037, unreported, 1987 WL 32775; *Hurchanik v. Hurchanik* (Apr. 27, 1987), Warren App. No. CA86–04–027, unreported, 1987 WL 10360.

two remaining minor children. The minor daughter, Lisa, resided with Doran, while the minor son, Erik, resided with Hurchanik.

On August 29, 1994, Erik moved in with Doran and Lisa. Subsequently, Doran filed a motion in the Warren County Court of Common Pleas, Domestic Relations Division, requesting the trial court to reallocate parental rights and responsibilities. On December 15, 1994, the trial court referee designated Doran as residential parent of both minor children and recommended that Doran be awarded both federal tax dependency exemptions for the minor children.

Hurchanik objected to the referee's recommendation, and the trial court held a hearing concerning the exemptions. On September 8, 1995, the trial court awarded each party an exemption until Erik became emancipated, after which the parties would alternate claiming the exemption for Lisa. Doran filed a notice of appeal on September 18, 1995.

Doran presents a single assignment of error,[2] arguing that the trial court erred by allocating an exemption to Hurchanik, the nonresidential parent in this case, without a finding that doing so would result in a net tax savings for the parties.

R.C. 3113.21(C)(1)(f) provides that a trial court may "reconsider which parent may claim the children * * * for federal income tax [dependency exemption] purposes" when the court modifies, reviews or reconsiders a child support order. Although the federal income tax code creates a presumption in favor of awarding the exemption to the residential parent, trial courts have the authority to award the exemption to the nonresidential parent. Section 152(e), Title 26, U.S.Code; *Dennis v. Dennis* (Sept. 8, 1992), Butler App. No. CA91–12–216, unreported, at 3, 1992 WL 217509 (citing *Hughes v. Hughes* [1988], 35 Ohio St.3d 165, 518 N.E.2d 1213). A trial court may not exercise this authority, however, unless the record shows that doing so will further the interest of the child. *Bobo v. Jewell* (1988), 38 Ohio St.3d 330, 332, 528 N.E.2d 180, 182–183. In *Singer v. Dickenson* (1992), 63 Ohio St.3d 408, 588 N.E.2d 806, the Supreme Court described the circumstance in which the interest of the child would be furthered by allocating the exemption to the nonresidential parent:

"The allocation of the dependency exemption * * * may be awarded to the non[residential] parent when that allocation would produce a net tax savings for the parents * * *. Such savings would occur through allocation to the non[resi-

---

2. Hurchanik urges this court to dismiss this appeal and quash Doran's supporting brief, noting that an attorney for the Child Support Enforcement Agency ("CSEA") represents Doran in this matter. Insisting that CSEA may not represent a parent, Hurchanik offers as evidence a CSEA application for child support services which states that CSEA represents "the best interest of children of the state of Ohio." Hurchanik cites no authority, however, for the proposition that CSEA cannot appeal a domestic court ruling on behalf of a parent. Accordingly, we hereby overrule Hurchanik's motion to dismiss and quash Doran's brief.

dential] parent *only if the non[residential] parent's taxable income falls into a higher tax bracket than the tax bracket of the [residential] parent.*" (Emphasis added.) *Id.* at 415, 588 N.E.2d at 812.

In the present case, the trial court found that the parties' incomes were "comparable." Thus, had it followed the *Singer* holding, the trial court could not have allocated any exemption to the nonresidential parent, Hurchanik, but would have allocated both exemptions to the residential parent, Doran. Instead, the trial court ruled that the state legislature, through H.B. No. 173, impliedly superseded the best-interest guideline of *Singer* and allocated each party an exemption.

The trial court noted that, while H.B. No. 173 amended portions of R.C. 3113.21, it merely renumbered the subsection relevant to this case as R.C. 3113.21(C)(1)(f) without substantively changing that subsection.[3] Because the state legislature chose not to add a best-interest guideline to R.C. 3113.21(C)(1)(f) as the Supreme Court had in *Singer,* the trial court reasoned that the legislature must have intended "to change the substantive law of *Singer* to allow trial courts discretion as to when and how to allocated the income tax dependency exemptions for minor children whenever support is modified or otherwise considered." We disagree.

The state legislature's mere failure to add a best-interest guideline to R.C. 3113.21 does not evidence an intent to supersede the Supreme Court's ruling in *Singer.* A basic tenet of Ohio law concerning the allocation of parental rights is that the Ohio courts shall consider the best interest of the child. See, *e.g.,* R.C. 3109.04 and 3111.13(C). Although R.C. 3113.21(C)(1)(f) does not include one, *Singer* soundly established a best-interest guideline for allocating exemptions, a decision widely followed by Ohio courts. *Singer,* 63 Ohio St.3d at 415, 588 N.E.2d at 811–812. See, *e.g., Goode v. Goode* (1993), 89 Ohio App.3d 405, 414, 624 N.E.2d 788, 794; *Hutchinson v. Hutchinson* (1993), 85 Ohio App.3d 173, 176, 619 N.E.2d 466, 467–468; *Slowbe v. Slowbe* (Dec. 7, 1995), Cuyahoga App. No. 68739, unreported, 1995 WL 723333; *Woods v. Burwell* (Oct. 20, 1995), Lucas App. No. L–94–358, unreported, 1995 WL 612927; *Tremain v. Tremain* (June 29, 1994), Montgomery App. No. 14217, unreported, 1994 WL 313009; *Jordan v. Jordan* (Sept. 7, 1993), Franklin App. No. 93AP–604, unreported, 1993 WL 367177.

In contrast, the trial court's decision in the present case fails to consider the best interest of the minor children and concentrates on the benefit to the parents:

---

3. The state legislature's amendment of R.C. 3113.21 became effective December 31, 1993, designating former R.C. 3113.21(B)(10) as 3113.21(C)(1)(f).

"[W]here each parent earns * * * comparable amount[s] * * * this court finds there to be no rational basis for not awarding each parent one of the tax exemptions. As the duty to support the children is proportional to income, the court finds no logical reason for not awarding the tax exemptions in the same proportion."

The trial court overlooked that removing an exemption from a residential parent equally decreases that parent's ability to support the child and, therefore, adversely affects the best interest of the child residing with that parent. *Singer*, 63 Ohio St.3d at 416, 588 N.E.2d at 812–813.

We find no support for the proposition that the state legislature intended to overturn a long line of Ohio cases ruling in favor of the best interest of children. Absent such evidence, we refuse to affirm a trial court decision which assumes such an intent by negative inference. We hold that the trial court failed to apply the correct legal standard when allocating exemptions in the present case and sustain Doran's sole assignment of error.[4] Because Erik became emancipated in January 1996, we award Doran, as residential parent of Lisa, the exemption provided by Section 152(e), Title 26, U.S.Code.

The judgment is affirmed in part and reversed in part.

*Judgment accordingly.*

WALSH, P.J., and POWELL, J., concur.

---

4. Hurchanik, appellant and cross-appellee in this matter, failed to assign error to the trial court's judgment as required by Loc.R. 15(E) and (F) and App.R. 16(A)(3). Accordingly, Hurchanik's appeal is hereby dismissed with prejudice.