OPINION
Plaintiff-appellant, John A. Hildenbrand, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, awarding defendant-appellee, Cynthia L. Hildenbrand, a federal tax dependency exemption (the "tax exemption") for the parties' minor son.
The parties were divorced on December 16, 1991. By divorce decree filed the same day, the trial court granted custody of the parties' two children, Jennifer (born on December 15, 1980) and John, Jr. (born on May 8, 1982) to appellee, ordered appellant to pay child support, and awarded appellant both tax exemptions for the children. By agreed entry filed January 31, 1994, the trial court granted shared parenting to the parties and designated each party the residential parent of one of the two children. Jennifer resided with her father (appellant), while John resided with his mother (appellee).
In September 1996, John moved in with appellant and Jennifer. Subsequently, on September 13, 1996, appellant filed a motion in the trial court requesting the trial court to reallocate parental rights and responsibilities. A hearing was subsequently conducted before a magistrate on November 4, 1996, during which appellant submitted his proposed shared parenting plan. Appellant's proposed plan provided for the allocation of the tax exemptions to appellant. Appellee did not submit a proposed shared parenting plan.
On November 12, 1996, the magistrate filed its decision which provides in relevant part:
 Findings of Fact and Conclusions of Law: The parties appeared on November 4, 1996. They were in agreement that John A. Hildenbrand would be named the residential parent for the minor child, John A. Hildenbrand Jr., born May 8, 1982. Mr. Hildenbrand had submitted to Mrs. Hildenbrand a shared parenting plan, Plaintiff's Exhibit A. Mrs. Hildenbrand disagreed with certain parts of the plan, primarily the tax exemptions, the choice of treating physicians for the children, and notice to Mrs. Hildenbrand by the schools of any illness or problems with the children.
 Mr. Hildenbrand is currently paying $50.00 per week support order under a split custody calculation. This order shall terminate effective November 4, 1996.
 Mr. Hildenbrand earns $44,418.00 per year while Mrs. Hildenbrand earns approximately $15,082.00 per year. Mr. Hildenbrand is requesting both tax exemptions. Mrs. Hildenbrand wanted to split the tax exemptions for the children.
* * *
MAGISTRATE'S DECISION:
 The motion to name John Hildenbrand as residential parent and to exercise shared parenting pursuant to the shared parenting plan submitted as Plaintiff's Exhibit A is granted, with the following modifications:
* * *
 2) The provision as to tax exemptions shall be as follows: The parties shall each be allowed to claim one tax exemption starting in 1996. At such time as there is only one child eligible for the tax exemption, the parties shall alternate the exemption. Mrs. Hildenbrand's right to claim an exemption will be contingent upon her being current in her child support obligation.
 3) Modification of Effective Date of Child Support: The effective date of child support obligation of Mrs. Hildenbrand shall be November 4, 1996 rather than September 13, 1996. A wage assignment shall issue. Mrs. Hildenbrand shall pay CSEA directly until a wage assignment is working.
On November 25, 1996, appellant filed his objection to the magistrate's decision as to the allocation of the tax exemption to appellee. By entry filed January 31, 1997, the trial court affirmed the magistrate's decision. This timely appeal followed.
In his sole assignment of error, appellant argues that the trial court erred in modifying his proposed shared parenting plan so as to allocate the tax exemption to appellee. Appellant contends that it is error for the trial court to allocate the tax exemption to appellee, the nonresidential parent in this case, without a finding that doing so would result in a net tax savings for the parties.
R.C. 3113.21(C)(1)(f) provides that a trial court may "reconsider which parent may claim the children * * * for federal income tax [dependency exemption] purposes" when the court modifies, reviews or reconsiders a child support order. "Although the federal income tax code creates a presumption in favor of awarding the tax exemption to the residential parent, trial courts have the authority to award the exemption to the nonresidential parent." Section 152(e), Title 26, U.S. Code; Hurchanik v. Hurchanik (1996), 110 Ohio App.3d 628, 630. "A trial court may not exercise this authority, however, unless the record shows that doing so will further the interest of the child." Id. "A parent is not automatically entitled to the exemption when that parent is ordered to pay child support. * * * Supporting one's children is not an option, but a duty." Bobo v. Jewell (1988), 38 Ohio St.3d 330, 332.
In Singer v. Dickinson (1992), 63 Ohio St.3d 408, the Supreme Court of Ohio set forth specific guidelines governing when a trial court may award the tax exemption to the nonresidential parent as follows:
 The allocation of the dependency exemption * * * may be awarded to the noncustodial parent when that allocation would produce a net tax savings for the parents, thereby furthering the best interest of the child. * * * In determining whether taxes would be saved by allocating the federal tax dependency exemption to the noncustodial parent, a court should review all pertinent factors, including the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state and local income tax rates.
Id. at 415-416.
In the case at bar, while the record shows that appellant earns $44,418 per year and appellee earns approximately $15,000 per year, the record does not reflect that the trial court reviewed the parents' gross incomes in light of the exemptions and deductions they were entitled to claim and the relevant federal, state and local income tax rates as instructed in Singer. As a result, we find that there is an inadequate record demonstrating that the allocation of the tax exemption to appellee would produce a net tax savings for the parents and thus further the best interest of the children.
For this reason, we reverse the trial court's award of the tax exemption to appellee and remand the cause to the trial court for it to explicitly decide the allocation of the tax exemption. Appellant's sole assignment of error is sustained.
YOUNG, P.J., concurs.
WALSH, J., dissents without opinion.