JOURNAL ENTRY AND OPINION
This case is before the court on consolidated cross-appeals raising a total of twenty-seven assignments of error from the trial court's order. The court granted the parties a divorce, entered a shared parenting order concerning the parties' two minor children, ordered appellant-husband[1] to pay spousal support and child support and to provide health insurance for the children, and ordered a distribution of the marital property. The parties' respective assignments of error are listed in the attached Appendix. In addition, the parties each ask the court to dismiss the other's appeal.
For the following reasons, we overrule the parties' motions to dismiss. We find the trial court exceeded the bounds of its discretion by finding that forty-two shares of H. Leff Electric Co. stock were compensation and therefore marital property. The court also exceeded its discretion by making a distributive award without any express determination why an in-kind or in-money division would be impracticable or burdensome. We therefore reverse the trial court's decision on these two points and remand these matters for further consideration. We affirm the trial court's decision in all other respects.
 FACTUAL AND PROCEDURAL HISTORY
Appellee-wife filed her complaint for divorce and other equitable relief on November 9, 1993. The trial was conducted before a magistrate on various dates from May 3, 1995 to September 5, 1996. The magistrate filed her decision on August 5, 1997. The parties each filed objections in April 1998. The court sustained these objections in part and modified the magistrate's decision on September 10, 1998 and subsequently entered judgment on October 15, 1998.
The magistrate's decision as modified by the court indicates that the parties were married on May 28, 1978. They have two daughters: Danielle, born June 6, 1983; and Alexandra Sara, born April 21, 1986.
The parties were separated for a period from February 1991 to May 1992 but lived together again from then until February 1995, when they permanently separated. The court found the first day of trial should be considered the date the marriage ended.
The parties owned a home in Orange Village, Ohio, in which they had equity of $221,689.09. Household furnishings were valued at $18,677.00.
Mrs. Leff has a masters degree in social work and conducts her own part-time practice as a mental health counselor, earning approximately $10,000 per year. Mr. Leff is the chief financial officer of H. Leff Electric Co. ("Leff Electric"), a family-owned electrical supply business. In 1995, he earned $176,397 plus other perquisites; he earned $145,975 in 1994.
Mr. Leff owned one hundred twenty-seven shares of stock in Leff Electric. Seventy-five of these shares were given to him by his father from 1982 to 1985, when similar distributions were made to each sibling. Mrs. Leff conceded these were his separate property. Mr. Leff's father gave him the remaining fifty-two shares after 1985, when the father gave stock only to the children who worked in the business. The court found forty-two of these shares, transferred to Mr. Leff from 1985 to 1995, were compensation for his work in the business and therefore marital property. The remaining ten shares, transferred in November 1995, were considered separate property.
Mr. Leff also owned interests in Leff-Warren Electric, Inc. and 5186 Richmond Road, Inc. and in several limited partnerships, including D.B.S. Leff Operating Co., 5186 Richmond Road Limited Partnership, Streetsboro Limited Partnership, Tactic Limited Partnership, and Arvida Limited Partnership. The court found these were marital assets.
The parties owned a loan account at Leff Electric. This account was essentially a savings account that paid interest to them at one-half of one percent over prime. Though the account was established with Mr. Leff's separate funds before the marriage, the court found these funds became commingled with marital assets and could not be traced, so the entire account was marital property.
The court found that an account to which it referred as the "Shearson FMA" account included two components: a "Fundamental Investor's" component, which was Mr. Leff's separate property; and a money market account, which was marital property.
On April 22, 1993, Mr. Leff established a trust, naming himself as trustee and his parents and siblings as successor trustees. The court found the trust was "invalid as a means of depriving Mrs. Leff of the interest to which she is entitled in the assets purportedly transferred into the trust." However, the trust did not remove any assets from the marital estate.
The parties owned various retirement accounts. Mr. Leff participates in a 401(K) account at Leff Electric and an individual retirement account ("IRA") with Smith Barney Shearson. Mrs. Leff has a Paine Webber IRA. The court determined each of these was marital property.
The parties also owned various brokerage accounts and securities, including State of Israel bonds, and stock in Union Electric and Guardian Mutual, which the court found to be marital property.
Mr. Leff's life was insured through four "split dollar" life insurance policies. Leff Electric paid the premiums on these policies and received a collateral assignment of the benefits to the extent of the premiums paid. If the policies were cashed in, the company would be entitled to return of its premiums first. The court determined three of these policies were marital assets, as well as Mr. Leff's one-third interest in a similar policy on his father's life.
The court divided the marital property among the parties as follows:
WIFE HUSBAND
 Home $221,686 Leff Elec. Stock $ 78,960 1/2 Leff Elec. 1/2 Leff Elec. Loan Acct. 24,250 Loan Acct. 24,250 1/2 401(k) Acct. 53,266 1/2 401(k) Acct. 53,266 Furnishings 15,807 Furnishings 2,870 Union Elec. Stk. 17,255 Smith Barney IRA 13,046 Guardian Fund 6,075 Insurance policies 113,820 Paine Weber IRA 5,585 Leff-Warren Stk. 105,000 DBS Leff 61,667 Richmond Rd. Corp. and partnership 6,380 Smith Barney 110,606 Shearson FMA 7,352 Arvida/S'boro/Tactic 31,000 Israel Bonds 2,000 ___________ _________ TOTAL $343,924 TOTAL $610,217
To equalize the division, the court ordered Mr. Leff to pay Mrs. Leff a distributive award of $133,146, at no less than $20,000 per year, with statutory interest effective May 3, 1995.
In addition to the division of marital property, the court ordered Mr. Leff to pay spousal support of $1750 per month from September 2, 1994 (the date on which a motion for modification of temporary support was filed) through February 24, 2001, "subject to further order of court with regard to both term and amount." The court gave him credit for mortgage payments, real estate taxes, homeowner's insurance, and utility payments he had made pursuant to the temporary support order. The court further ordered him to pay, as additional support, some $42,500 toward Mrs. Leff's reasonable attorney tees and expert fees.
Finally, the court adopted the parties' shared parenting agreement and ordered Mr. Leff to pay child support of $956.75 per child per month and to provide the children with health insurance coverage.
 LAW AND ANALYSIS A. Motions to Dismiss.
Appellee-wife argues that the judgment entry of divorce is not final and appealable. While she concedes that the order affects a substantial right and determines the action and prevents a judgment, she asserts the court failed to address all claims because it did not address the "temporary support arrearages from September 2, 1994 until the date of journalization of the trial court's decision." She then contends the court's failure to state that there was no just reason for delay in entering judgment prevented the order from being appealable. Civ.R. 54(B).
The trial court's final order required appellee-husband to pay spousal support "commencing September 2, 1994, until February 24, 2001" and child support "effective September 2, 1994." The court further ordered that husband "shall be given credit towards [sic] any support arrearages for payments made by him for mortgage payments, real estate taxes, homeowner's insurance and utility payments which he made pursuant to the agreed judgment entry journalized February 24, 1994 and located at Vol. 2330, Pgs. 107, et seq., since September 2, 1994."
This order, in effect, modified the temporary support order from September 2, 1994 through the date of the judgment and entered a final support award from the date of the judgment to February 24, 2001. Appellee-wife has not shown that the trial court could have determined the amount of the temporary support arrearages at the time it entered judgment, though, because she has not shown that the court had evidence of the amounts appellant-husband paid for mortgage payments, real estate taxes, homeowner's insurance and utility payments. Because the trial court's judgment specifically refers to temporary support, the issue of arrearages is preserved for future determination. Cf.Colom v. Colom (1979), 58 Ohio St.2d 245, syllabus. The court's failure to enter judgment for a specific amount of temporary support arrearages did not affect the finality of the judgment. Appellee-wife's motion to dismiss is overruled.
Appellant-husband argues that the wife's cross-appeal should be dismissed because she has accepted the benefits of the trial court's order by (a) effecting the transfer of the marital home into her own name and refinancing the mortgage, (b) taking steps to enforce the judgment for attorney fees, (c) seeking to enforce the property division, and (d) seeking to modify the support awards. A final judgment is enforceable, even if it is subject to appeal, unless enforcement is stayed pending appeal; therefore, there is no inconsistency in accepting the benefits of the court order, demanding its enforcement, or even seeking modification while pursuing an appeal.
The only case cited by appellant in support of a contrary position involves a satisfaction of judgment. Blodgett v.Blodgett (1990), 49 Ohio St.3d 243. When a judgment has been satisfied, there is no further controversy between the parties, so any appeal is rendered moot. The continuing obligations among the parties prevent this controversy from becoming moot; therefore, Blodgett is inapplicable. Cf. Gourash v. Gourash (Sep. 2, 1999), Cuyahoga App. Nos. 71882 and 73971, unreported (wife's acceptance of full cash award for division of marital property constituted a satisfaction of judgment concerning division of marital property, so appeal was dismissed in part). Appellant's motion to dismiss the cross-appeal is also overruled.
Before proceeding to discuss the parties' assignments of error, we note that our review of the merits of the trial court's decision has been frustrated in two respects. First, counsel have routinely referred to the trial court's findings without acknowledging that the trial was conducted by a magistrate, who entered a decision to which the parties objected. The trial court subsequently ruled on those objections, modified the magistrate's decision, and adopted the decision as modified. Any matter in the magistrate's decision to which the parties did not object may not be assigned as error. Civ.R. 53(E)(3)(b). The parties did not show the court that they satisfied this procedural requirement, requiring a time-consuming, independent review by the court.
Second, the parties have regularly referred to facts or evidence without citing their source in the record. Such unsupported argumentation is a waste of the parties' and the court's limited resources.
 B. Husband's Appeal. (Appeal No. 75551) 1. Division of marital assets. (Assignments 1-11, 17) a. Interest on distributive award.
In his first assignment of error, appellant-husband argues the court erred by awarding interest from May 3, 1995, the date trial commenced, on the money judgment granted to appellee-wife to equalize the property division. Appellant-husband contends that interest should only accrue from the date of the judgment, November 12, 1998.
This assignment of error is rendered moot by our determination that the trial court abused its discretion by making a distributive award without any express explanation why an in-kind or in-money division would be impractical or burdensome. See Section (C)(1)(a) below. However, we note that in making a distributive award, a court has discretion to compensate a party for the time value of money from the date the marital property was valued. Cf. Koegel v. Koegel (1982), 69 Ohio St.2d 355, 357;Zeefe v. Zeefe (1998), 125 Ohio App.3d 600, 612.
 b. QDRO.
Appellant-husband's second assignment of error complains that the trial court erred by entering a qualified domestic relations order ("QDRO"), which was presented to the court by opposing counsel but which opposing counsel had not submitted to appellant's counsel as required by Loc.R. 28 of the Cuyahoga County Court of Common Pleas, Domestic Relations Division. Even if the separate QDRO were not submitted to opposing counsel as required by the local rule, however, the exact same language was included in a proposed final judgment entry that was submitted to appellant's counsel and to which counsel filed objections; therefore, appellant was not prejudiced by any local rule violation.
Appellant also complains that the QDRO awards interest from June 30, 1995, the date on which the 401(k) plan was valued. He argues that interest should accrue from the date of the court's judgment, not the date on which the property was valued.
Appellant misconstrues the court's decision. The court concluded that:
 The [401(k)] Plan shall separate the assets in the account of the Participant, Sanford Leff, Jr., under the Plan as of June 30, 1995, so that the sum of Fifty Three Thousand Two Hundred Sixty Six [Dollars] ($53,266.00) of all assets in the Participant's account shall be set aside into a separate account for the benefit of the Alternate Payee, Arnita Leff. Alternate Payee's account shall include any interest, dividends, earnings, or losses associated with the account since June 30, 1995. * * *
Thus, the court did not award interest from June 30, 1995; instead, it gave appellee-wife the benefit (and burden) of all changes in her portion of the account since the account was valued, awarding her the judgment date equivalent of the $53,266 to which she would have been entitled if judgment had been entered on June 30, 1995. We perceive no abuse of discretion in this procedure.
Therefore, the second assignment of error is overruled.
 c. Valuation of marital home.
In his third assignment of error, appellant-husband contends that in determining the value of assets awarded to each party, the court failed to consider that, throughout the proceedings, the mortgage was being reduced, thereby increasing the equity in the marital home.
Pursuant to the temporary support order, the trial court considered the mortgage payments as support, not as a payment on a marital debt (which would increase the value of the marital assets). The mortgage payments were credited toward support arrearages. Appellant's demand that the mortgage payments also be considered to increase the value of the house would be duplicative. We perceive no abuse of discretion in the trial court's decision to treat the mortgage payments as support; therefore, the third assignment of error is overruled.
 d. Split dollar life insurance policies as marital assets.
In his fourth assignment of error, appellant-husband argues the court improperly over-valued the four "split dollar" life insurance policies that were awarded to him in the division of marital property. Appellant-husband asserts that the court should have reduced the cash surrender value by the amount that would have been due to Leff Electric if the policies were surrendered.
The magistrate concluded that the policies should not be valued as if they were going to be liquidated because the court was not ordering them to be liquidated. The magistrate found the policies provided a benefit to appellant by providing him with insurance at a cost less than he would have to pay himself. She concluded that this benefit would not be adequately reflected in the division of assets if the cash surrender value were reduced by the amount that would be repaid to the company if the policies were surrendered. The court accepted and adopted this finding.
Appellant-husband argues that the amount due to the company is a debt that must be paid from the policy proceeds. However, this "debt" does not necessarily affect the current valuation of the policies as an asset to appellant; it may be absorbed by policy proceeds which otherwise would be paid to the beneficiary. Appellant has not shown that the court abused its discretion in determining the value of the insurance policies; therefore, the fourth assignment of error is overruled.
 e. Valuation of Leff-Warren Electric, Inc. stock.
Appellant-husband's fifth assignment of error complains that the court erred by finding that his stock in Leff-Warren Electric, Inc. had a fair market value of $105,000, based on a valuation prepared by appellee-wife's expert, Robert Greenwald. Appellant claims the facts or data upon which Greenwald based his opinion were not perceived by him or admitted into evidence, so the court should have rejected his opinion testimony. Evid.R. 703. Stated simply, appellant has not supported this argument at all.
Appellant-husband effectively asks the court to determine that his expert's report was more credible than that of appellee-wife's expert. It is for the trial court, as factfinder, to assess the credibility of the witnesses and resolve conflicts in the evidence. We may not substitute our judgment for the trial court's. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23. Therefore, the fifth assignment of error is overruled.
 f. Valuation of limited partnership interests.
Appellant-husband's sixth assignment of error asserts the court overvalued his interest in the Arvida, Tactic, and Streetsboro limited partnerships. Appellant does not demonstrate that the court's valuation (in two cases based on appellant's own financial statements) is unsupported by the evidence or unreasonable. Instead, he urges that the court should value these partnership interests according to the balance in his capital account, citing this court's opinion in Oatey v. Oatey (Apr. 25, 1996), Cuyahoga App. Nos. 67809 and 67973, unreported. The fact that it might be reasonable for a court to value partnership interests on that basis does not mean that that is the only reasonable valuation method. Valuation is almost purely a question of fact for determination by the trial court. Oatey, at 15 (citing Farley v. Farley [Aug. 12, 1993], Cuyahoga App. No. 62780, unreported). Therefore, the sixth assignment of error is overruled.
 g. Insurance policy as marital asset.
The seventh assignment of error contends that the court erroneously included in the marital estate the cash surrender value of appellant's one-third interest in an insurance policy on the life of his father. Though the policy was acquired in 1991, during the marriage, appellant-husband claims the premiums were paid with his separate property, so the policy should be considered separate.
The magistrate rejected appellant's argument, noting that the evidence did not support appellant's claim that the policy premiums were paid with separate property. The magistrate found that some of the premiums were paid from the Leff Electric loan account, which the court found to be marital property. Appellant-husband could not trace the source of some of the premiums. Appellant bore the burden of showing that the policy was acquired with separate property. Peck v. Peck (1994),96 Ohio App.3d 731. Appellant has not shown that the court abused its discretion by finding that the premiums were not sufficiently traced to separate property; therefore, we overrule the seventh assignment of error.
 h. Leff Electric stock.
Appellant-husband's eighth assignment of error argues that the court abused its discretion by including as marital property some forty-two shares[2] of stock in Leff Electric that he acquired from 1985 to 1995. He claims this stock was a gift to him from his father and should be considered separate property.
Appellant received one hundred twenty-seven shares of Leff Electric stock from his father. Seventy-five of those shares were given to appellant between 1982 to 1985, when his father made like gifts to all of his children. Forty-two shares were given to appellant between 1985 and 1995, when his father made gifts of stock only to the children who worked in the business. Ten shares were given to appellant in November 1995 after the parties' marriage ended.
R.C. 3105.171(A)(6)(a)(vii) provides that separate property includes "any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse." Appellee-wife conceded that the seventy-five shares transferred to appellant between 1982 and 1985 were his separate property. The trial court concluded that the shares appellant acquired from 1985 to 1995, in transfers from his father to the children who worked in the business, were compensation and therefore constituted marital property.
We agree with appellant that this conclusion is not supported by the evidence. There is no question that the stock was transferred to appellant by his father, not by the corporation that employed him; therefore, as a matter of law, the stock cannot be considered compensation for his work for the corporation. Accordingly, we reverse the trial court's decision to the extent it determined that the forty-two shares of stock in H. Leff Electric Co. were marital property and remand for further consideration.
Appellant also argues that the court should not have included as marital property the increases in the value of shares of stock that were found to be his separate property because these increases were passive income, not the result of his labor at the company. Separate property includes passive income and appreciation from separate property, "passive income" meaning income acquired other than as a result of labor, monetary or in-kind contributions by either spouse. R.C. 3105.171(A)(5) 
(6)(a)(iii). Concomitantly, marital property includes all income and appreciation on separate property due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage. R.C. 3105.171(A)(3).
Appellant misconstrues the magistrate's decision and trial court's judgment. The magistrate's decision found to be separate property all increases in the value of the seventy-five shares that the magistrate determined were appellant's separate property. The magistrate found all increases in the shares she determined to be marital property were marital property. The court adopted this determination, although it allocated ten more shares (acquired after the marriage ended) as appellant's separate property. Thus, the court did not make a marital asset of income on separate property. This portion of the eighth assignment of error is overruled.
 i. Shearson accounts.
In his ninth assignment of error, appellant-husband complains that the court included the Shearson Hartwell account and Shearson FMA account as marital assets. The trial court found that $83,000 of the $100,000 initial investment in the Shearson Hartwell account was made with funds from the Leff Electric loan account; the source of the remaining $17,000 investment was not clear. The court also found that the Leff Electric loan account was marital property, a conclusion which we find was supported by the evidence (see discussion of the tenth assignment of error below). Therefore, the conclusion that the Shearson Hartwell account was marital property was not against the manifest weight of the evidence.
Appellant-husband once again misconstrues the trial court's decision with respect to the Shearson FMA account. The court did not include the entire account as a marital asset; rather, the trial court found the Shearson FMA account consisted of two separate components, one of which was separate property and one of which was marital property. It only included the marital property as a marital asset. Appellant has not shown that this factual determination was against the manifest weight of the evidence; therefore, the ninth assignment of error is overruled.
 j. Leff Electric loan account.
The tenth assignment of error claims the court erroneously included the Leff Electric loan account as a marital asset. This account is, effectively, a savings account in the form of a loan to the company, paying interest at one-half percent over prime. The loan account existed before the parties' marriage, when appellant deposited inheritance funds there. The trial court found that marital funds were also deposited in the account during the marriage and that the funds had become commingled in such a way that they were not traceable to separate property. Therefore, the court found appellant had not met his burden of proving that the account should be considered separate property.
 The commingling of separate property with other property does not destroy the identity of the separate property as separate property, except when the separate property is not traceable.
R.C. 3105.171(A)(6)(b). (Emphasis added.)
Appellant has not shown the funds in the account were traceable to separate property or that the court's finding was otherwise against the manifest weight of the evidence. The fact that he deposited inheritances there before his marriage is not sufficient in itself, given the deposit of marital funds in the account and the withdrawal of funds from the account throughout the marriage. The very fact that the amount remaining in the account when trial began was less than the amount of the inheritances tends to show that the parties treated the entire account as marital property, at least absent proof that separate property was withdrawn for a separate purpose during the marriage. Therefore, the tenth assignment of error is overruled.
 k. Allocations of assets and liabilities.
The eleventh assignment of error broadly claims the trial court allocated assets and liabilities disproportionately. To reach this conclusion, however, appellant applies his own conclusions about which assets are marital assets (and which are separate) and his own assessment of their value. These factual determinations were for the court to make, not for appellant. The court equally divided the assets it determined to be marital assets. Appellant has not demonstrated that an equal division was inequitable. Cf., R.C. 3101.171(C). Therefore, the eleventh assignment of error is overruled.
 l. Date marriage ended.
In his seventeenth assignment of error, appellant-husband argues the court should have found the marriage ended on February 8, 1991, when the parties first separated, rather than the first day of the hearing, May 3, 1995. The marital property to be divided among the spouses includes property owned or acquired "during the marriage." See R.C. 3105.171(A)(3). "During the marriage" means from the date of the marriage through the date of the final hearing in a divorce action. R.C. 3105.171(A)(2)(a). If the court finds either of these dates would result in an inequity, however, the court may select dates it considers equitable. R.C. 3105.171(A)(2)(b). Here, the magistrate determined (and the trial court accepted) that appellant-husband had not shown it would be unfair to use the first day of trial as the date the marriage ended. Appellant has not shown this court that the trial court abused its discretion in making this determination, particularly given the parties' long-term reunion from May 1992 to February 1995. Therefore, we overrule the seventeenth assignment of error.
 2. Support award. (Assignments 12, 14, 15) a. Attorney fees.
In his twelfth assignment of error, appellant-husband contends that the court erred by ordering him to pay $42,500 toward appellee-wife's attorney's fees. The magistrate found, and the court accepted, that appellee-wife incurred reasonable attorney fees in the amount of $95,000 and expert fees in the amount of $30,485.92. The magistrate found, and the court accepted, that appellee-wife would be prevented from fully litigating her rights and adequately protecting her interests if the court did not award fees and that appellant-husband was able to pay. The court ordered appellant-husband to pay, as additional spousal support, $42,500 toward the attorney's and expert's fees, approximately one-third of the total amount appellee-wife reasonably owed.
An award of attorney fees can be reversed only if the trial court abused its discretion. Swanson v. Swanson (1976), 48 Ohio App.2d 85. In determining whether to award reasonable attorney fees to either party, the trial court must decide "whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees." R.C. 3105.18(H). Fees may be awarded only if the payor spouse has the greater ability to pay.Farley v. Farley (1983), 10 Ohio App.3d 113.
Appellant has not shown that the trial court abused its discretion by awarding attorney fees and expenses. Appellant complains about some of appellee's attorney's tactics, but he does not exemplify them in the record or explain why the court should consider that these actions were undertaken for purposes of delay or harassment. Furthermore, the trial court specifically found that the attorneys and parties on both sides of this case were uncooperative and took that into account in determining whether to award fees and in what amount. Therefore, we reject the twelfth assignment of error.
 b. Modification of support award.
Appellant's fourteenth assignment of error claims the trial court abused its discretion by modifying the agreed-upon temporary support order because there was no change in circumstances that would permit a modification. However, the final order was not a "modification" of the temporary support order; the temporary support order was just that — temporary, and subject to change in the court's final order. Consequently, the court was not required to find a change in circumstances to adjust the amount of temporary or permanent support due in its final order. Soley v. Soley (1995), 101 Ohio App.3d 540, 548. The fourteenth assignment of error is overruled.
In the fifteenth assignment of error, appellant complains that the court reserved jurisdiction to modify its award of spousal support as to both term and amount. He contends the award of spousal support should terminate on a date certain, citing Kunklev. Kunkle (1990), 51 Ohio St.3d 64.
Under the court's order, the award of spousal support does end on a date certain, February 24, 2001. The order simply allows for the possibility of modifying that date if a change in circumstances warrants. R.C. 3105.18(E). Appellant's concern about the potential for a "lifetime" award of spousal support is premature and, at this point, unwarranted. Appellant does not directly challenge the term or amount of support the court ordered; therefore, we overrule the fifteenth assignment of error.
 3. General Trial Issues. (Assignments 13, 16, 18) a. Length of trial.
The thirteenth assignment of error complains that the magistrate conducted the trial over an unusually long period, a total of forty-six days from May 3, 1995 to September 5, 1996. Though the orderly disposition of court proceedings usually means that consecutive (or nearly consecutive) trial days are preferred, we recognize that this is not always possible in practice. We note that the trial did proceed in long strings of consecutive, or nearly consecutive, dates, albeit with some very long gaps between trial dates.[3] Appellant did not complain about these breaks in the proceedings in the trial court and has not demonstrated any prejudice from the manner in which the trial was conducted, therefore, the thirteenth assignment of error is overruled.
 b. Evidentiary errors.
The sixteenth assignment of error urges that the magistrate made "numerous errors in evidentiary rulings during the course of the trial." However, appellant does not bother to explain what those errors were. "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based * * *." App.R. 12(A)(2). Therefore, we overrule the sixteenth assignment of error.
 c. Consideration of objections to magistrate's decision.
Finally, appellant argues that the trial court erred by considering appellee's objections to the magistrate's decision. The trial court overruled all of appellee's objections to the magistrate's decision; therefore, appellant could not have been harmed by the court's consideration of the objections. The eighteenth assignment of error is overruled.
 C. Appellee's Cross-Appeal. (Appeal No. 75581) 1. Division of marital assets. (Assignments 1, 6, 7, 9) a. Distributive award versus in-kind or in-money division.
In her first assignment of error on cross-appeal, appellee-wife urges that the court abused its discretion by dividing the marital assets in such a way that appellant-husband must pay appellee cash and may make payments over several years. She claims the court easily could have divided the parties' assets equally by awarding her the Shearson Hartwell account and additional funds from the Leff Electric loan account.
The trial court here used a distributive award to equitably divide the parties' assets. A distributive award is "any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support." R.C.3105.171(A)(1). Before ordering a distributive award, the court must determine that a division of marital property in-kind or in-money would be impracticable or burdensome. R.C.3105.171(E)(2). The court must also consider the nine factors set forth in R.C. 3105.171(F).
Neither the magistrate nor the trial court expressly determined that a division of marital property in-kind or in-money would be impractical or burdensome. "Without an express indication explaining why an in-kind or in-money distribution would be impracticable or burdensome, it is not reasonable for the trial court to order a distributive award at least in the absence of an agreement of the parties." Smith v. Smith (1993), 91 Ohio App.3d 248,257. There is also no indication that the court considered the factors set forth in R.C. 3105.171(F). Therefore, we sustain appellee's first assignment of error and find the trial court abused its discretion by ordering a distributive award. Finding no evidence in the record that an in-kind or in-money division would be impractical or burdensome, on remand, the trial court is instructed to make an in-kind or in-money division of marital property.
 b. Leff New Philadelphia.
Appellee-wife's sixth assignment of error contends that the court abused its discretion by not including Leff New Philadelphia as a marital asset. The magistrate found that appellee failed to sustain her burden of showing that appellant owned an interest in Leff New Philadelphia. Though appellee urges that Leff New Philadelphia it is really a subsidiary of Leff Electric, she does not point to any evidence in the record that would support this conclusion; therefore, her sixth assignment of error on cross-appeal is overruled.
 c. Valuation of DBS Leff Operating Co.
Appellee-wife's seventh assignment of error argues that the court's valuation of DBS Leff Operating Co. was an abuse of discretion, but she does not point to any evidence in the record to support her arguments. Her references to the testimony of Frank Basile are of no assistance when Mr. Basile's testimony was not included in the record. Therefore, the seventh assignment of error is overruled.
 d. Bonuses as marital property.
Appellee-wife's ninth assignment of error urges that the court abused its discretion by failing to include as marital assets some $80,000 in bonuses appellant-husband allegedly received from Leff Electric in 1994 and 1995. Again, she points to no evidence in the record to support this argument. Furthermore, she did not argue this issue in her objections to the magistrate's decision, so she waived any objection. Civ.R. 53(E)(3)(b). Therefore, the ninth assignment of error is overruled.
 2. Spousal support award. (Assignments 3, 4, 8) a. Duration and amount of award.
In the third assignment of error, appellee-wife generally argues the trial court abused its discretion in its award of spousal support. First, she complains that the award runs for fewer than three years after the final judgment was entered. She does not explain why she believes this was unreasonable. We do not find it unreasonable on its face, particularly in light of the extended period of time appellant received temporary support while this action was pending before the trial court.
Appellee-wife also complains that the amount of support awarded was inadequate. She reviews the statutory factors the court is required to consider under R.C. 3105.18(C). The trial court took these factors into account in determining the duration and amount of the support award. Appellant has not demonstrated that the award was unreasonable; therefore, the third assignment of error is overruled.
 b. Attorney fees.
Appellee-wife's fourth assignment of error asserts the court abused its discretion by not ordering appellant to pay all of the attorney fees the court found to be reasonable. We see no abuse of discretion in a partial award of attorney fees. Munroe v.Munroe (1997), 119 Ohio App.3d 530, 544; Birath v. Birath (1988),53 Ohio App.3d 31, 40. Therefore, her fourth assignment of error is overruled.
 c. Arrearages.
In her eighth assignment of error, appellee-wife contends that the court erred by failing to determine the existence and amount of any arrearage in temporary support. Though appellant includes no legal citations for this argument, it appears that the argument is drawn from the supreme court's decision in Colom v.Colom (1979), 58 Ohio St.2d 245, syllabus, in which the court held:
 In a domestic relations action, interlocutory orders are merged within the final decree, and the right to enforce such interlocutory orders does not extend beyond the decree, unless they have been reduced to a separate judgment or they have been considered by the trial court and specifically referred to within the decree.
Based on appellee-wife's motion to modify temporary support, the court's final order here determines the amount of temporary support that was due from September 2, 1994 and grants appellant-husband credit for amounts he paid under the prior temporary support order. Thus, the temporary support order was expressly considered and modified in the final order. Appellant has not shown that the court had the information needed to reduce any arrearages to judgment as it is not clear that the court had evidence of the amounts appellant-husband previously paid. Therefore, she has not shown the court erred by failing to reduce arrearages to judgment.
 3. Child support. (Assignments 2, 5)
Appellee-wife's second assignment of error contends the court miscalculated the award of child support. First, she claims appellant-husband had income from all sources in excess of $200,000 per year, rather than the $160,369 found by the court. Appellee-wife has failed to show that this factual determination was against the manifest weight of the evidence. Her citation to evidence in the record that might support a different conclusion is not sufficient.
Appellee-wife also argues the court should have deviated from the guidelines to increase the child support award or, alternatively, ordered appellant-husband to pay for the children's "benefits," including summer camp, music and drama lessons, and religious training. However, the fact that the children received such "benefits" during the marriage does not mean they will necessarily continue to receive them after the marriage, though that is one factor the court must take into account in deciding whether to deviate from the guidelines. R.C.3113.215(B)(3)(l) The court specifically found that, though the parties' combined income exceeded that provided in the guidelines, there was no reason for the award to deviate from the amount extrapolated from the guidelines. We do not see any abuse of discretion in that decision.
For these reasons, appellee-wife's second assignment of error is overruled.
 b. Tax exemption.
Appellee-wife's fifth assignment of error urges that the court should have allocated to her (not to appellant-husband) the federal income tax dependency exemption for the children. Generally, under the Internal Revenue Code, the residential parent receives the tax dependency exemption, but trial courts have the authority to award the exemption to the non-residential parent if doing so will further the interests of the child.Hopton v. Preston (1998), 128 Ohio App.3d 571, 574 (citing Singerv. Dickinson [1992], 63 Ohio St.3d 408, 411 and Bobo v. Jewell
[1988]). The child's interests are furthered if allocation of the exemption to the non-residential parent produces a net tax savings; that is, if the non-residential parent's taxable income falls into a higher tax bracket than the residential parent.Hurchanik v. Hurchanik (1996), 110 Ohio App.3d 628, 630-31
(citing Singer v. Dickinson [1992], 63 Ohio St.3d 408, 415). Here, there is little doubt that appellant-husband is in a higher tax bracket than appellee-wife. Though she claims appellant will not be able to get the full benefit from the exemptions because his income is so great, she has not supported this argument with evidence. Therefore, we overrule the eighth assignment error.
 D. Conclusion.
For the foregoing reasons, we find the trial court exceeded the bounds of its discretion by finding that forty-two shares of Leff Electric stock were compensation and therefore marital property. Accordingly, we sustain appellant-husband's eighth assignment of error in part. We also sustain appellee-wife's first assignment of error and find the trial court exceeded its discretion by making a distributive award. We find no evidence that an in-kind or in-money division of marital property would be impracticable or burdensome and instruct the trial court on remand to make such a division. We therefore reverse the trial court's decision in these respects and remand these matters for further proceedings consistent with this opinion. We reject the remainder of the parties' assignments of error and affirm the trial court's decision in all other respects.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that each party shall bear his or her own costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JUDGMENT: AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TERRENCE O'DONNELL, P.J. and TIMOTHY E. McMONAGLE, J. CONCUR
 ___________________________________ KENNETH A. ROCCO, JUDGE
[1] The court recognizes that the parties are now former
husband and former wife but will use the terms "husband" and "wife" as a shorthand reference in lieu of the more cumbersome correct terms.
[2] The parties both argue about the fifty-two shares the court allocated as marital property. This is the number of shares the magistrate found to be marital property. However, the court sustained appellant-husband's objection to the magistrate's decision in part, finding that ten of these shares were separate property. Thus, the actual number of shares at issue is forty-two, not fifty-two.
[3] "This pattern of trial reflects poorly on the judiciary and the legal profession and raises matters of growing concern regarding pubic confidence in the judiciary." Coseriu v. Coseriu
(July 24, 1997), Cuyahoga App. Nos. 70972 and 71041, unreported. Litigants are entitled to prompt and efficient judicial administration as well as an appropriate decision. Delay in the proceedings may foul an otherwise fair trial.
 APPENDIX APPELLANT SANFORD LEFF'S ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR NO. I
THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ADDING STATUTORY INTEREST TO THE LUMP SUM PAYMENT EFFECTIVE MAY 3, 1995, THE DAY THE TRIAL COMMENCED.
 ASSIGNMENT OF ERROR NO. II
THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN JOURNALIZING A QUALIFIED DOMESTIC RELATIONS ORDER WHICH HAD NOT BEEN SUBMITTED TO OPPOSING COUNSEL, WHICH WAS NOT IN ACCORDANCE WITH THE MAGISTRATE'S DECISION, AND WHICH ORDERED A DIVISION RETROACTIVE TO JUNE 30, 1995.
 ASSIGNMENT OF ERROR NO. III
THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO CONSIDER THE ADDITIONAL EQUITY BUILT UP IN THE MARITAL HOME BY VIRTUE OF APPELLEE'S FLAUNTING OF THE COURT ORDER TO SELL THE HOME AND THE DELAY IN BRINGING THE CASE TO DECREE.
 ASSIGNMENT OF ERROR NO. IV
THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO DEDUCT FROM THE CASH SURRENDER VALUES OF CERTAIN SPLIT DOLLAR LIFE INSURANCE POLICIES UPON APPELLANT'S LIFE THE AMOUNT OWED TO THE H. LEFF ELECTRIC COMPANY EVIDENCED BY THE COLLATERAL ASSIGNMENTS AGAINST THOSE POLICIES, WHICH ARE BONA FIDE DOCUMENTED DEBTS.
 ASSIGNMENT OF ERROR NO. V
THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS VALUATION OF THE STOCK IN LEFF-WARREN ELECTRIC, INC.
 ASSIGNMENT OF ERROR NO. VI
THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN THE VALUES IT PLACED UPON CERTAIN LIMITED PARTNER SHIPS.
 ASSIGNMENT OF ERROR NO. VII
THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT A POLICY ON THE LIFE OF THE APPELLANT'S FATHER, SANFORD L. LEFF, SR., WAS A MARITAL ASSET AND HAD A CASH SURRENDER VALUE OF $28,089.00.
 ASSIGNMENT OF ERROR NO. VIII
THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING ANY MARITAL COMPONENT TO APPELLANT'S INTEREST IN THE H. LEFF ELECTRIC COMPANY AND IN ITS VALUATION OF THE SO-CALLED "MARITAL PORTION."
 ASSIGNMENT OF ERROR NO. IX
THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING APPELLANT'S SHEARSON ACCOUNT-HARTWELL-NICHOLAS APPLEGATE WAS A MARITAL ASSET.
 ASSIGNMENT OF ERROR NO. X
THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THE H. LEFF ELECTRIC LOAN ACCOUNT WAS A MARITAL ASSET.
 ASSIGNMENT OF ERROR NO. XI
THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS DISPROPORTIONATE AWARD OF ASSETS TO APPELEE (SIC) AND LIABILITIES TO APPELLANT.
 ASSIGNMENT OF ERROR NO. XII
THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING APPELLANT TO PAY TOWARD APPELLEE'S ATTORNEY FEES THE SUM OF $42,500.00.
 ASSIGNMENT OF ERROR NO. XIII
THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN PERMITTING ITS MAGISTRATE TO NOT CONDUCT THIS TRIAL ON CONSECUTIVE DAYS BUT TO PERMIT IT TO BE TRIED OVER A PERIOD COMMENCING ON MAY 3, 1995, AND ENDING ON SEPTEMBER 5, 1996.
 ASSIGNMENT OF ERROR NO. XIV
THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING APPELLEE'S MOTION TO MODIFY SUPPORT.
 ASSIGNMENT OF ERROR NO. XV
THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN MAKING THE SPOUSAL SUPPORT AWARD TO APPELLEE SUBJECT TO FURTHER ORDER OF COURT BOTH AS TO TERM AND AMOUNT.
 ASSIGNMENT OF ERROR NO. XVI
THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN VARIOUS EVIDENTIARY RULINGS DURING THE COURSE OF THE TRIAL, PARTICULARLY IN EXCLUDING DEFENDANT'S EXHIBIT'S (SIC) A, CCC, AND CCC-1.
 ASSIGNMENT OF ERROR NO. XVII
THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO UTILIZE A DE FACTO TERMINATION OF THE MARRIAGE DATE OF FEBRUARY 8, 1991, WHEN THE PARTIES FIRST SEPARATED.
 ASSIGNMENT OF ERROR NO. XVIII
THE TRIAL COURT ERRED IN CONSIDERING APPELLEE'S OBJECTIONS TO THE MAGISTRATE'S ORDER.
 CROSS-APPELLANT ARNITA LEFF'S ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR NO. I
THE TRIAL COURT ERRED IN ITS MANNER OF ALLOCATION OF ASSETS.
 ASSIGNMENT OF ERROR NO. II
THE TRIAL COURT ERRED IN DETERMINING THE CHILD SUPPORT OBLIGATION OF MR. LEFF.
 ASSIGNMENT OF ERROR NO. III
THE TRIAL COURT ERRED IN ITS DETERMINATION OF SPOUSAL SUPPORT.
 ASSIGNMENT OF ERROR NO. IV
THE TRIAL COURT FAILED TO AWARD MS. LEFF REASONABLE ATTORNEY FEES.
 ASSIGNMENT OF ERROR NO. V
THE TRIAL COURT ERRED IN AWARDING MR. LEFF THE TAX EXEMPTION FOR THE PARTIES' MINOR CHILDREN.
 ASSIGNMENT OF ERROR NO. VI
THE TRIAL COURT ERRED IN DETERMINING THAT LEFF NEW PHILADELPHIA IS NOT MARITAL PROPERTY.
 ASSIGNMENT OF ERROR NO. VII
THE TRIAL COURT ERRED IN THE DETERMINATION OF THE VALUE OF DBS LEFF.
 ASSIGNMENT OF ERROR NO VIII
THE TRIAL COURT FAILED TO PROPERLY DETERMINE SUPPORT ARREARAGES.
 ASSIGNMENT OF ERROR NO. IX
THE TRIAL COURT FAILED TO DETERMINE BONUSES RECEIVED BY MR. LEFF WERE MARITAL PROPERTY.